UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JAMES E. BRABSON III,

    Plaintiff,

    v.       CAUSE NO. 1:23-CV-152-HAB-SLC

CO WILLS, et al.,

    Defendants.

OPINION AND ORDER

    James E. Brabson III, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Brabson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    As a preliminary matter, Mr. Brabson recently filed a motion for leave to proceed in forma pauperis. (ECF 6.) However, this motion is unnecessary because he was

already granted leave to proceed in forma pauperis in this case.[1] (ECF 3.) The motion will be denied.

Turning to the complaint, Mr. Brabson alleges that on or about September 9, 2021, he got in an "altercation" with another inmate, after which he was handcuffed by Correctional Officer Wills (first name unknown). He claims that he was escorted to the hallway and then Officer Wills, along with Correctional Officer Morgan (first name unknown) and a third officer he calls "John Doe #1," slammed him to the floor face-first, punched him, choked him, and stood on his back, all while he was handcuffed. He suffered a black eye and other injuries. Based on this incident, he sues former Allen County Sheriff David Gladieux, Officers Wills and Morgan, and two "John Doe" officers, seeking money damages.

Because Mr. Brabson was a pretrial detainee at the time of this incident, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). The Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. A jail official's conduct is objectively unreasonable "when it is 'not rationally related

---

[1] The court is aware that he has not paid the initial partial filing fee assessed in April 2023. However, his recently filed motion reflects that he does not have sufficient funds to do so, and because of a negative balance on his account, is unlikely to have such funds in the near future. The case will proceed to screening, but he is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

to a legitimate nonpunitive governmental purpose[.]'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citation omitted). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397.

Giving him the inferences to which is he is entitled, he has alleged a plausible excessive force claim against Officers Wills, Morgan, and John Doe #1. Specifically, he claims that he was handcuffed and not posing any threat, but these officers slammed him to the floor, punched him, stood on him, and choked him, causing him to suffer a black eye and other injuries. At this stage, the court must accept his allegations as true. He will be permitted to proceed on a claim for damages against these individuals.

As for the defendant he identifies as "John Doe #2," this person is not mentioned in the narrative section of the complaint and it is unclear what role, if any, he played during this incident. He has not stated a plausible claim against John Doe #2. He also names former Sheriff Gladieux as a defendant, but there is no indication this high-ranking official had any personal involvement in this incident. He appears to be trying to hold the former Sheriff responsible because of the position he held, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Nor has Mr.

3

Brabson plausibly alleged a claim against this former official under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). He does not allege the existence of an official custom or policy that caused him injury; rather, he describes the "isolated wrongdoing of . . . a few rogue employees." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). These defendants will be dismissed.

As outlined above, Mr. Brabson is being permitted to proceed against a defendant officer who is presently unidentified. "There's nothing wrong with suing placeholder defendants, then using discovery to learn and substitute names. This is done all the time." *Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022) (citations omitted). That said, "a plaintiff who uses placeholders must take account of the clock: substitution must be completed before the statute of limitations expires." *Id*. To facilitate this process, the court will add the Commander of the Allen County Jail as a defendant for the sole purpose of identifying Officer "John Doe #1." Once this officer is identified, the Commander will be dismissed from the case. Ultimately, it will be Mr. Brabson's obligation to amend his complaint to identify this individual by name so he can be served with process. *See Rodriguez*, 49 F.4th at 1121; *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). Because the two-year limitations period will expire on September 9, 2023, Mr. Brabson must act quickly.[2] *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012)

---

[2] The court has an obligation to make reasonable efforts to assist Mr. Brabson in identifying this defendant. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 832 (7th Cir. 2009); *Billman v. IDOC*, 56 F.3d 785, 789 (7th Cir. 1995). However, given the rapidly approaching deadline, if he is able to obtain the name of the officer through his own efforts, he should immediately file an amended complaint containing the officer's name.

4

(suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Wills (first name unknown), Officer Morgan (first name unknown), and Officer John Doe #1 on a claim for damages in their personal capacity for subjecting him to excessive force on or about September 9, 2021, in violation of the Fourteenth Amendment;

(2) DIRECTS the clerk to add the Commander of the Allen County Jail in his official capacity as a defendant for the sole purpose of identifying Officer John Doe #1;

(3) DISMISSES David Gladieux and John Doe #2 as defendants;

(4) DISMISSES all other claims;

(5) DIRECTS the United States Marshals Service to serve process on Officer Wills (first name unknown), Officer Morgan (first name unknown), and the Commander of the Allen County Jail at the Allen County Jail, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Allen County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who cannot be served at the Allen County Jail, to the extent this information is available;

(7) ORDERS Officer Wills, Officer Morgan, and the Commander of the Allen County Jail to file and serve a Notice by **August 18, 2023**, with the name of Officer "John Doe #1," who was involved in a use-of-force incident with the plaintiff and Officers

5

Morgan and Wills on or about September 9, 2021, <u>or</u> file a statement explaining why this officer cannot be identified;

(8) ORDERS Officer Wills and Officer Morgan to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order; and

(9) DENIES as unnecessary the plaintiff's motion for leave to proceed in forma pauperis (ECF 6).

SO ORDERED on July 18, 2023.

                                                s/ *Holly A. Brady*
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT